IN RE APPLICATION OF FRANK I. REIDLER FOR A MINNE-
SOTA SOLDIERS BONUS.

FRANK I. REIDLER v. THE SOLDIERS BONUS BOARD OF
REVIEW AND ANOTHER.[1]

June 9, 1922.

No. 22,925.

**Soldiers bonus—cause of applicant's discharge may be sought.**

1. Where a claimant for a bonus presents a certificate of discharge
for disability, issued under the regulations of the navy on the report
of a medical survey, the bonus board may ascertain the cause for the
discharge from the service record on which it was based.

**Discharge for applicant's misconduct.**

2. A discharge for a disability which resulted from the claimant's
own misconduct not in the line of duty, is not an ordinary discharge
or release within the meaning of the bonus law.

Upon the relation of Frank I. Reidler the supreme court granted
its writ of certiorari directed to the Soldiers Bonus Board and the
Bonus Board of Review to review their action in disallowing relator's
claim to a bonus. Affirmed.

*Thompson, Hessian & Fletcher,* for relator.

*Clifford L. Hilton,* Attorney General, and *Albert F. Pratt,* Assist-
ant Attorney General, for respondents.

TAYLOR, C.

Writ of certiorari to review the order of the Soldiers Bonus Board
of Review disallowing the claim of the relator for a bonus.

The board of review found as facts that the relator was a resident
of the state of Minnesota; that he enlisted in the marine corps of the
United States, November 15, 1917, and was discharged therefrom
November 9, 1918; that his discharge "was not an honorable dis-

[1]Reported in 188 N. W. 563.

charge or an ordinary discharge but was a discharge given by reason of a report of medical survey for a physical disability which disability was the result of claimant's own misconduct and not in the line of duty," and ruled that he was not within the purview of the bonus law.

To be entitled to a bonus the claimant must have been given "an honorable or ordinary discharge or release" from the military or naval service. Whether the relator was given such a discharge is the only question presented. He was in the marine corps and subject to the laws and regulations governing the navy.

The naval regulations provide that an honorable discharge shall be given to two classes of persons: First, those who upon the expiration of their term of enlistment are recommended by their commanding officer for fidelity, obedience and ability during their term of service and who are desirable to retain and second, those "discharged before the expiration of enlistment upon recommendation of a medical survey for injuries received or disabilities incurred in line of duty   *   *   *   provided their records warrant the same."

Relator was not within either of these classes and did not receive an honorable discharge. The regulations provide that a dishonorable or bad-conduct discharge can be given only pursuant to the sentence of a court martial. Relator was not court martialed and did not receive a dishonorable discharge. The regulations provide:

"The following persons are entitled to an ordinary discharge only:

"(A) All who are not recommended by the commanding officer for fidelity, obedience and ability during their term of service.

"(B) All who are discharged before the expiration of their term of enlistment at their own request or for their own convenience."

Relator is not in class A because he was discharged before the expiration of his term of service; he is not in class B because he was not discharged at his own instance.

The naval regulations provide that with certain specified exceptions no enlisted person shall be discharged "prior to three months before the expiration of his term of enlistment   *   *   *   except by special order of the Secretary of the Navy, or for one of the follow-

ing causes: Undesirability, inaptitude, physical or mental disability, unfitness, or by sentence of courtmartial."

The regulations further provide: "All discharges upon recommendation of medical survey shall show that the man was discharged for 'disability,' but the nature of the disability in no case must appear on the discharge."

This is unlike the army regulation which requires the cause of the discharge to be fully stated on the discharge certificate, and if the discharge be for unfitness for service due to misconduct that such fact be noted thereon. In accordance with the naval regulations, the relator's discharge certificate shows that he was "discharged upon report of medical survey for disability," but shows nothing as to the cause of the disability or the manner in which it was incurred. He contends that it will be presumed from such a certificate that he received an ordinary discharge at least, and that the bonus board is concluded by the certificate and cannot go behind it and ascertain the true cause of his discharge. It is doubtless true that a person holding a certificate of that form will be presumed to have received "an ordinary discharge or release" in the absence of evidence to the contrary; but where, as here, the certificate does not purport to show how the disability was incurred, or what caused it, the bonus board unquestionably has the right to ascertain the cause for the discharge shown by the service record on which it was based. This is what was done in the present case, and the facts disclosed fully warranted the finding of the board of review. And we think the board correctly ruled that a discharge for disability, "which disability was the result of claimant's own misconduct and not in the line of duty," was not "an ordinary discharge or release" within the meaning of the bonus law.

Order affirmed.